THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM
A. WATTS, Defendant-Appellant.

Fourth District   No. 13040

Opinion filed March 25, 1976.

TRAPP, P.J., dissenting.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, and David Bergschneider, Law Student, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (G. Michael Prall, of Illinois State's Attorneys Association, and Jeffrey B. Levens, Law Student, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the Circuit Court of Logan County, defendant William A. Watts was convicted of the offense of arson to an automobile belonging to Linda Hutchcraft. The court then sentenced him to 5 years of probation. On appeal his only contention is that as a matter of law the evidence was not sufficient to prove his guilt beyond a reasonable doubt.

During the evening hours of August 21, 1973, the car in question was parked on the street in a residential area in Atlanta, a community of about 1650 people located between Lincoln and Bloomington on Route 66. A witness saw two men in a station wagon circling the block in the area of the car. The two men parked in an alley and approached the parked car. One of them had a white jug in his hands. The witness left the scene and did not know whether the two men ever went to the car. When this witness returned to the scene 5 minutes later the car was in flames. Two other

witnesses saw a flash about the time that they heard a car leaving the area rapidly.

After local firefighters had been summoned, arrived on the scene and extinguished the fire, a station wagon drove up to the burned car. Two men were in the station wagon. The passenger asked if anyone had been hurt. At that time, the first witness was on the scene. He identified the station wagon as the vehicle that had earlier been circling the block and the driver as one of the two men that had then been in the station wagon and then approached the car that subsequently burned. The passenger was the defendant. The first witness could not say whether defendant was the other of the two men he had earlier seen.

Other circumstantial evidence completed the People's case. From expert testimony, the jury could have believed that the fire was started from gasoline poured on the floor of the car. Gloves found in the glove compartment of the station wagon smelled of gasoline and further expert testimony indicated that gasoline had been spilled on them. Linda Hutchcraft, owner of the burned car, identified the driver of the station wagon as Roger Peterson. She claimed to have recently severed her relationship with a boy friend who then made threats against her. She testified that Peterson was a friend of the boy friend and that she had seen Peterson once in Bloomington and once in another town.

The defendant did not offer evidence.

The evidence was sufficient for the jury to have found that the corpus delicti was proved beyond a reasonable doubt. Unless the testimony of the witnesses who saw the flames of the fire be considered direct evidence, all the evidence proving the corpus delicti was circumstantial. All of the rest of the proof of defendant's guilt was clearly circumstantial. In *People v. Branion*, 47 Ill. 2d 70, 77, 265 N.E.2d 1, 5, the court stated the often-stated rule:

> "To support a conviction based on circumstantial evidence it is essential that the facts proved be not only consistent with defendant's guilt, but they must be inconsistent with any reasonable hypothesis of innocence. (*People v. Magnafichi*, 9 Ill. 2d 169; *People v. Wilson*, 401 Ill. 68; *People v. Wilson*, 400 Ill. 461; *People v. Botolinski*, 383 Ill. 608; *People v. White*, 347 Ill. 576.) But the People are not required to establish it beyond the possibility of a doubt. *People v. Hanson*, 359 Ill. 266; *People v. Lucas* 244 Ill. 603; *People v. Depew*, 237 Ill. 574; *Pate v. People*, 3 Gilm. 644."

The theory of the prosecution is that the jury could find that Peterson and a companion committed the offense and that since defendant was with Peterson after the offense, the jury could infer that he was Peterson's companion at the time of the offense. They concede that under the evidence, at least 30 minutes elapsed between the time the fire started and

the station wagon was driven up to the burned car and Peterson recognized. They contend, however, that Peterson and defendant were strangers in town and that it was, therefore, unlikely that Peterson would have picked defendant up after the fire was started. The only evidence of the two being strangers, however, is the testimony of the police chief of Atlanta that he was familiar with the cars using the Atlanta streets and that he had not seen the station wagon before. We consider this evidence insufficient to negate the reasonable possibility that the person allegedly with Peterson at the time of the fire might have departed and defendant might have joined Peterson in the 30-minute interval. Even if we assume, arguendo, that the jury could have found that Peterson and a companion committed the offense, the evidence is insufficient for the jury to have found beyond a reasonable doubt that defendant was that companion.

The conviction and sentence are reversed.

Reversed.

SIMKINS, J., concurs.

Mr. PRESIDING JUSTICE TRAPP, dissenting:
Examination of the record persuades that the issue of guilt is properly a jury question and that the evidence in the record is sufficient to sustain the verdict of the jury.