THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK R. FINLEY, Defendant-Appellant.

Fifth District   No. 75-456

Opinion filed May 18, 1977.

EBERSPACHER, J., dissenting.

A. Paul Rosche, Jr., of Hillsboro, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and Keith P. Vanden Dooren, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Mark Finley, defendant, seeks review of a conviction by a jury of obstructing a peace officer and the sentence of 60 days imprisonment and $250 fine imposed thereon.

Defendant contends the court erred in submitting the case to the jury and in giving certain instructions. He also claims that the trial court improperly conducted the hearing in aggravation and mitigation. The defendant's final contention is that the court should have granted him probation.

The incident upon which the conviction was based occurred on October 27, 1974, in the city of Nokomis, Illinois. Shortly after dark a police officer in civilian clothes in an unmarked car observed a car circle a school building. The car came to a stop nearby and one of its occupants fired a small pistol three times outside the window. The officer testified

that he pursued the car and stopped the vehicle in front of defendant's residence which is on a street that borders the school. The officer parked his car behind the stopped vehicle. He then stepped out of his car and stood behind the door. The officer identified himself as a police officer and requested the occupants in the stopped vehicle to get out and lay face down in the middle of the street in front of the headlights of the officer's car.

About this time defendant, who was not an occupant of the car, approached the officer's car and stood in front of the open door on the driver's side. The officer was standing on the inside of the opened door at the time. According to the officer, he asked defendant to leave the area and was answered with a statement by defendant that he would not move until the officer moved his car. The officer once again asked defendant to move away and when he refused, the officer struck him on the side of the face with a flashlight. The officer called for assistance and defendant and the occupants of the car were taken to the police station.

Defendant testified that he was in the school yard looking for a piece of his car when the officer stopped the vehicle directly in front of his home. Defendant approached the officer and asked him what he was doing and was told to step into his yard. He did so but then he returned to the officer's car and again asked what was going on. The officer then struck him with his flashlight. The officer further testified that the defendant's actions hindered him in making the arrests of the suspects and also presented a danger to him.

The jury returned a verdict of guilty and judgment was entered by the court.

Defendant was convicted of obstructing a peace officer in violation of section 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 31—1). The statute reads as follows:

> "Resisting or Obstructing a Peace Officer. A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor."

In *People v. Raby*, 40 Ill. 2d 392, 240 N.E.2d 595, our supreme court was faced with a constitutional attack on this statute on the grounds that it fixed no standard for the ascertainment of guilt. The court accepted the observations of the Federal District Court of Northern Illinois in the case of *Landry v. Daley* (N.D. Ill. 1968), 280 F.Supp. 938, when it stated the following:

> " 'Obstruct' means 'to be or come in the way of'. These terms * * * imply some physical act or exertion. Given a reasonable and natural construction, these terms do not proscribe mere argument with a policeman about the validity of an arrest or other police

action, but proscribe only some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties, such as going limp, forcefully resisting arrest or physically aiding a third party to avoid arrest." 40 Ill. 2d 392, 399.

■■ The police officer's testimony, which the jury must have believed, indicated that defendant had stepped in between the officer and the occupants of the stopped vehicle. The officer stated that the position of himself and that of the occupants (on the ground in front of his car) was a part of his police training for his own protection. He stated that he feared for his own safety because of the shots fired. He testified that when defendant stood in front of him, he could not clearly see the people, nor could he determine whether or not they were moving. He was delayed in his search of the occupants and their vehicle for the gun that had been fired. The evidence shows that defendant interrupted the officer at a critical moment and delayed a search incident to an arrest for a weapon. It matters not that the gun was later determined to be a blank shooting pistol. The officer was acting reasonably under the circumstances and defendant with his presence and refusal to "clear the area" imposed an obstacle to the performance of the officer's duties. There was ample evidence given in this case to justify the submission of it to the jury.

The jury was faced with evidence on which they could base a verdict of guilty, and this court cannot say that their determination was unreasonable.

■■ The defendant contends that three instructions tendered by the People were erroneously given to the jury. This contention is based solely on the fact that the instructions were not contained in the Illinois Pattern Jury Instructions to be given in criminal cases. The defendant cites no cases in support of his contention and does not demonstrate how the defendant was prejudiced in the giving of these instructions. Supreme Court Rule 451(a) (Ill. Rev. Stat., ch. 110A, par. 451(a)) states that IPI Criminal instructions should be used "unless the court determines that it does not accurately state the law." This rule gives the trial court discretion to determine whether such an instruction should be given. *People v. Hines,* 28 Ill. App. 3d 976.

The crucial issue is what constitutes an obstruction of a police officer under section 31—1 of the Criminal Code. Both the People and the defendant submitted instructions concerning the issue and the law on this subject, which were given by the trial court. The People offered definitions of obstruction as pronounced in *People v. Raby,* 40 Ill. 2d 392, 240 N.E.2d 595. The defendant also relied on the *Raby* case in the giving of two instructions by the defendant. The People's challenged instructions clearly presented to the jury the issue and the law in the instant case.

Defendant does not specify any inaccuracy or other erroneous or misleading matter that was contained in the instructions challenged by him on apppeal. The trial court did not abuse its discretion in giving these instructions.

■■ The next contention of error is the court's refusal to grant probation to Finley. When confronted with a denial of an application for probation, a reviewing court is limited to a determination of whether the trial court in fact exercised its discretion or whether it abused its discretion by acting in an arbitrary manner. (*People v. Johnson,* 36 Ill. App. 3d 122, 343 N.E.2d 177; *People v. Saiken,* 49 Ill. 2d 504, 275 N.E.2d 381.) In this case the court considered the probation officer's report and heard testimony from defendant, his wife, the arresting officer, the sheriff of Montgomery County, and the probation officer who wrote the report. Defendant's background and past record were discussed at the sentence hearing as was his current situation. The evidence admitted in the sentencing hearing and the report supports the trial judge's decision, and he did not abuse his discretion in denying probation.

■■ In a similar vein, Finley's contention that the sentence was excessive has no merit. In *People v. Fox,* 48 Ill. 2d 239, 251-52, 269 N.E.2d 720, 728, our supreme court said that a sentence, within the statutory limits but nevertheless alleged to be excessive, "should not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions * * * of the Illinois constitution which requires that all penalties should be proportioned to the nature of the offense. The trial court is normally in a superior position during the trial and the hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are courts of review." Accordingly, we cannot say that the instant sentence of 60 days imprisonment and a $250 fine was excessive.

■■ In his brief defendant claims that he was refused access to the presentence report. The record clearly shows that the court offered the report to both counsel and asked if they were ready to proceed with the probation and sentencing hearing. Counsel for defendant answered in the affirmative and defendant will not now be allowed to claim he was prejudiced by a lack of preparation on his part.

Defendant's final contention is that "he was not afforded an opportunity to be heard regarding aggravation and mitigation concerning the defense against him." The record is clear that a hearing was conducted pursuant to the sentencing statute (Ill. Rev. Stat., ch. 38, par. 1005—4—1). Counsel made an oral motion for probation and had the defendant and his wife testify in support of the motion. The prosecution presented the sheriff, the probation officer of the county and the police officer who made the arrest of the defendant. The probation report was made part of the record. The

defendant at no time objected to the report or its delivery or to the sentencing hearing.

For the foregoing reasons, the judgment of the Circuit Court of Montgomery County is affirmed.

Affirmed.

JONES, J., concurs.

Mr. JUSTICE EBERSPACHER, dissenting:

I do not agree with the majority that this plain-clothes officer was acting reasonably under the circumstances when he required the Halloween pranksters to lie face down in the middle of the street in front of the headlights of his car nor when the officer struck the defendant on the head with his flashlight, knocking him down when defendant failed to move away from in front of the open car door.

I likewise consider the sentence, which includes 60 days incarceration, at variance with the purpose and spirit of the law and manifestly in excess of the proscriptions of the Illinois Constitution which requires that all penalties should be proportioned to the nature of the offense.