THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT GOODSON, Defendant-Appellant.

Fifth District   No. 5—82—0301

Opinion filed March 1, 1985.

Randy E. Blue and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Kenneth R. Boyle,

736

Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Robert Goodson, was charged by information with three counts of exploitation of a child. (Ill. Rev. Stat. 1981, ch. 38, par. 11—19.2.) Defendant was found guilty after a jury trial in the circuit court of Madison County and was sentenced to a 10-year term of imprisonment on each count, those sentences to be served concurrently. Defendant has perfected this appeal.

To our knowledge, this is the first appeal to involve this statute. Effective August 26, 1981, section 11—19.2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 11—19.2) provides as follows:

"Exploitation of a Child. (A) A person commits exploitation of a child when he or she confines a child under the age of 16 against his or her will by the infliction or threat of imminent infliction of great bodily harm, permanent disability or disfigurement or by administering to the child without his or her consent or by threat or deception and for other than medical purposes, any alcoholic intoxicant or a drug as defined in the Controlled Substances Act or the Cannabis Control Act and:

(1) Compels the child to become a prostitute; or

(2) Arranges a situation in which the child may practice prostitution; or

(3) Receives money or other property from the child knowing it was obtained in whole or in part from the practice of prostitution.

(B) For purposes of this Section, administering drugs, as defined in Subsection (A), or an alcoholic intoxicant to a child under the age of 13 shall be deemed to be without consent if such administering is done without the consent of the parents or legal guardian.

(C) Exploitation of a child is a Class X felony."

On appeal, defendant contends that: (1) there was no evidence that the victim was confined, (2) the circuit court improperly instructed the jury as to the definition of "confine," (3) the circuit court abused its discretion by refusing to order a psychiatric examination of the victim, and (4) the circuit court abused its discretion by denying defense counsel's motion for continuance.

The evidence adduced at trial indicates that during September 1981, the victim, a female who was then 13 years of age, ran away from her Philadelphia, Pennsylvania, home and eventually resided

with defendant in his apartment in St. Louis, Missouri. While living with defendant, the victim and several other females also living in defendant's apartment engaged in the practice of prostitution. The victim received instructions from defendant and the other females living in the apartment. In particular, she was told to use an alias and to lie about her age. She was instructed as to how to solicit, how much to charge, what sexual acts to perform, how much she was required to bring in each night and what to say or not to say in case of arrest. Defendant would transport the victim along with the other females to one of several truck stops in both Illinois and Missouri, where the females would solicit truck drivers. Defendant would monitor the actions of the females by listening to them solicit over the CB radio or by making unannounced stops at the truck stops where they were supposed to be working. At the night's end the females would return to the apartment with defendant or would hitch a ride back to the apartment with a truck driver. The victim gave the money she obtained from her prostitution to defendant, who provided her with room and board and some personal items for which she paid nothing. There was, however, testimony that defendant bought the victim a pair of boots and that in return the victim was expected to work and bring in an additional amount equal to twice the value of the boots.

The victim's first night out was September 24, 1981. On that night she persuaded a truck driver to take her to Oklahoma with him. However, before they were able to leave she was found by one of the other females and was persuaded to return when she was told that another of the females had been beaten for returning without the victim. She worked every night until the middle of November, when she left with a truck driver. Thereafter, on November 21, 1981, the victim was arrested for being a runaway by authorities in Columbus, Indiana. She was temporarily placed in a foster home and was to be returned to her home in Philadelphia, Pennsylvania. The evidence indicated that the victim did not want to return home, so she escaped and returned to defendant.

Once she returned, the victim was sent back to solicit for and engage in prostitution at truck stops in both Illinois and Missouri. Shortly after her return, the victim again attempted to leave. However, she was again persuaded not to go; but on this occasion she was beaten by the defendant's brother when she was found. The victim testified that on this occasion the defendant threatened to kill her. The victim further testified that she was beaten on three subsequent occasions, once by defendant when he was attempting to get information from her about another female withholding money from defend-

ant and at another time when the victim didn't bring in as much money as defendant wanted. On this last mentioned occasion defendant also had one of the other females beat the victim. The victim stated that she was beaten once more by defendant after she had entered a restaurant at one of the truck stops against defendant's instructions. Shortly after this last beating, on December 31, 1981, the victim left the defendant's apartment while everyone else there was asleep and was taken into the protective custody of authorities in Madison County, Illinois.

The victim testified that defendant told her that nobody ever leaves him and that if she ever left him she would be sorry. The victim recalled an incident where one of the other females had attempted to leave with a truck driver and the defendant had forced the driver to pull over by threatening to shoot the truck's tires. That same female had shown the victim a gunshot wound the woman claimed she received when the defendant shot her. Another witness testified that the defendant kept a gun beside his bed in the apartment and would use it to keep the women in line.

Defendant contends that the evidence adduced at his trial demonstrates that the victim was allowed great freedom of movement and was therefore not confined in a manner prohibited by the statute. We are therefore requested to determine the meaning of the term "confine."

Statutes, such as the one upon which the instant conviction is based, being designed to protect youth as well as punish offenders, should be construed to embrace those offenses contemplated by the legislature. This does not mean, however, that the courts should stretch the meaning of a statute to embrace other offenses not within its letter or spirit. (*Acme Fireworks Corp. v. Bibb* (1955), 6 Ill. 2d 112, 119, 126 N.E.2d 688, 692; *Slocum v. People* (1878), 90 Ill. 274, 278.) For the proper administration of the criminal law, the statutes should be applied only to those cases which the legislature evidently intended to include. (*People v. Jones* (1981), 99 Ill. App. 3d 882, 887, 425 N.E.2d 1279, 1282.) More simply stated, in the interpretation and construction of statutes, the intention of the legislature should be ascertained and given effect. "This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction." (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139, 361 N.E.2d 585, 587, quoting *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350, 167 N.E.2d 169, 173.) The

language of the statute should be given its plain and ordinary meaning. *People v. Moore* (1978), 69 Ill. 2d 520, 523, 372 N.E.2d 666, 668.

■ Defendant urges that the plain and ordinary meaning of the word "confine" is imprisoned, physically restrained or restricted in movement. We conclude that it was not the legislative intention to so limit the statute. Defendant's definitions overlook the remaining balance of the statutory language which must all be considered if we are to properly ascertain the intent of the legislature. Confinement of a child is but one of the two elements of the offense of exploitation of a child. The remaining element is present when it is established that defendant either (1) compelled the child to become a prostitute, (2) arranged a situation in which a child may practice prostitution, or (3) received from the child the proceeds obtained by the child from prostitution. (Ill. Rev. Stat. 1983, ch. 38, pars. 11—19.2(A)(1), (2) and (3).) Obviously, imprisonment or physical restraint is not necessary in order for any of these prohibited activities to be accomplished. We conclude, therefore, that to be held accountable for the confinement proscribed by the statute, the interference with the victim's free locomotion need not be absolutely restricted, as suggested by defendant. We are of the opinion that to constitute the confinement proscribed by the exploitation of child statute it must be shown that the child submitted against the child's will or inclination to the control of the accused so that the accused was able to accomplish any of the prohibited activities. The offense is distinguished from that of juvenile pimping (Ill. Rev. Stat. 1983, ch. 38, par. 11—19.1) by the fact that the child's submission in the case at bar must have been brought about by the type of conduct specified by the statute, as for example in this case, by the infliction or threat of imminent infliction of great bodily harm.

■ When we consider the evidence adduced in the instant case in the light of the statute as interpreted above, we find sufficient proof of confinement against the child's will as required by the statute. The victim was compelled to stay with defendant by threats of imminent infliction of great bodily harm, was made to engage in prostitution, was transported by defendant to those places where she was to practice prostitution, and was compelled to turn over the money obtained therefrom to defendant. To require that the situation be any more aggravated at the peril of the child would defeat the intended purpose of the statute.

■ Defendant contends that an instruction defining the term "confine" tendered by the State was erroneously given to the jury. The Illinois Pattern Jury Instructions, Criminal, do not contain in-

structions applicable to the offense of exploitation of a child. Accordingly, instructions were prepared by counsel. Supreme Court Rule 451 (87 Ill. 2d R. 451) provides that whenever IPI Criminal does not contain an instruction on a subject on which the court determines that the jury should be instructed, the instruction thus given should be simple, brief, impartial and free from argument. The decision on whether to give such an instruction is within the scope of the circuit court's discretion. (*People v. Finley* (1977), 49 Ill. App. 3d 26, 29, 363 N.E.2d 871, 874.) The instruction given stated:

> "When I use the word 'confine' I mean that [the victim] reasonably believed, under all of the circumstances, that she was not free to absent herself or depart from any place or area designated by the defendant, and that such belief was caused or induced by the defendant's use of force or threat of force."

We believe the instructions given, taken as a whole, fully and fairly defined the applicable law in substantial conformity with the views herein expressed and under the circumstances did not cause prejudice to the defendant.

■■ ■ Defendant also contends that the circuit court abused its discretion in denying his pretrial motion to order a psychiatric examination of the victim to ascertain if she had a mental or emotional condition that would affect her competency or credibility. A defendant must present a compelling reason for a psychiatric examination of a complaining witness in a case involving a sex offense, and the denial of such a motion is not grounds for reversal unless the circuit court abused its discretion. (*People v. Glover* (1971), 49 Ill. 2d 78, 273 N.E.2d 367; *People v. Alexander* (1983), 116 Ill. App. 3d 855, 862, 452 N.E.2d 591, 595.) Defendant's assertion that the victim might be suffering from psychological problems is but conjecture based on the fact that the victim was a runaway. Psychological problems do not necessarily affect competency to testify. (*People v. Middleton* (1976), 38 Ill. App. 3d 984, 991, 350 N.E.2d 223, 229.) The mere likelihood thereof does not provide a compelling reason to order the psychiatric examination of the victim. The circuit court did not abuse its discretion in denying defendant's motion.

■■ ■ We likewise find without merit defendant's argument that the circuit court abused its discretion in denying his motion for continuance. A chronological review of the pretrial proceedings demonstrates no abuse.

Defendant was originally charged with two counts of juvenile pimping and three counts of exploitation of a child. The juvenile pimping counts were contained in an information filed January 13, 1982.

That action was assigned No. 82—CF—23. The exploitation of a child counts were contained in an information filed January 21, 1982. That action was assigned No. 82—CF—44. The defendant was arraigned on all five counts on January 29, 1982, at which time he pleaded not guilty. Both cases were placed on the docket call for February 25, 1982. The report of proceedings from that hearing indicates that the trial date was set for March 5, 1982. However, the record sheets in both cases indicate that trial was set for March 1, 1982. For some reason that does not appear of record, the trial was not held on either of those dates. The next recorded proceedings was the March 17, 1982, hearing on the defendant's motion for psychiatric examination. The report of proceedings from that hearing indicates that on the basis of an earlier motion for continuance by the defense, the trial date had been reset to March 22, 1982. Despite the fact that the trial dates for both cases had always been kept the same and that pretrial proceedings in both cases had been conducted simultaneously, defense counsel was allegedly under the impression that the trial of the juvenile pimping counts would precede the trial of the exploitation of a child counts. In an apparent attempt to clarify matters, the State sought an order consolidating the two cases for trial. The circuit court granted the State's motion and consolidated the two cases for trial on March 22, 1982. Claiming that more time was needed to prepare for trial of the exploitation of a child counts, defense counsel moved for another continuance which the circuit court denied.

The decision of whether or not to grant a continuance to permit further time to prepare a case necessarily depends upon the facts surrounding the request. Such a decision is left to the sound discretion of the circuit court. (*People v. Canaday* (1971), 49 Ill. 2d 416, 427, 275 N.E.2d 356, 362; *People v. Griffiths* (1983), 112 Ill. App. 3d 322, 329, 445 N.E.2d 521, 529.) A motion for continuance cannot be said to have been improperly denied unless it appears that the refusal to grant the continuance has embarrassed the accused in the preparation of his defense and thereby prejudiced him. (*People v. Canaday* (1971), 49 Ill. 2d 416, 427, 275 N.E.2d 356, 362-63; *People v. Griffiths* (1983), 112 Ill. App. 3d 322, 329, 445 N.E.2d 521, 528.) The fact that the trial dates for both cases had always been kept the same and that pretrial proceedings in both cases had been conducted simultaneously belies any claim of surprise and the record shows that at trial the defendant's attorneys appeared to be thoroughly prepared and conducted their representation with diligence and skill. Under these circumstances, we conclude that the circuit court's denial of the continuance was not an abuse of discretion and did not result in any undue

prejudice to the defendant.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

JONES, P.J., and KARNS, J., concur.