23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Richard GRIFFITHS, Petitioner-Appellant,
v.
Kenneth McGINNIS, et al., Respondents-Appellees.
 No. 93-1072.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1994.
Decided April 6, 1994.[1]
 
 Appeal from the United States District Court for the Central District of Illinois, Danville Division, No. 89-C-2095; Howard A. Baker, Judge.
 C.D.Ill.
 AFFIRMED.
 ESCHBACH, FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Richard Griffiths was convicted in Illinois of murder.[2] He appeals from the denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. We affirm. Griffiths raised 17 claims in his original and amended petitions. We group the claims according to their disposition.
 
 Claim Denied on the Merits
 
 2
 Petitioner challenges the sufficiency of the evidence. We view the evidence in a light most favorable to the state in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. James, 923 F.2d 1261, 1267 (7th Cir.1991).
 
 
 3
 The evidence at trial showed that in 1979 defendant's wife, Susan Cameron, took their baby and left defendant. When the Cameron family would not tell defendant the whereabouts of Susan and the baby, defendant began to make threats against them. During the night of October 5, 1979, the Cameron home burned down, resulting in the death of their 11-year-old son who suffered from Down's Syndrome. Mrs. Cameron, another son and his friend escaped through a second story window. An accelerant was used to start the fire on the back porch. Various witnesses testified that during the several months prior to the fire, defendant had made numerous threats against the lives of the Camerons, including a threat made four days before the fire, and another made one hour before the fire. Witnesses also testified that after the fire, defendant bragged to them about the crime. Defendant was seen a few blocks from the Cameron home shortly before the fire. Soon after the fire, defendant was stopped a short distance from the home for speeding; the arresting officer smelled kerosene in the car. Based on this overwhelming evidence, a rational trier of fact could conclude that Griffiths was guilty beyond a reasonable doubt.
 
 
 4
 Defendant next argues that one of the jurors was biased. After voir dire and opening statements, one juror came forward and reported that he remembered knowing Mrs. Cameron prior to her marriage. He had not seen her in years, but he was good friends with her brother. While no objection was made by defense counsel at trial, the state courts addressed the issue on the merits when it was raised in the post-conviction proceedings which alleged ineffective assistance of trial and appellate counsel. The trial judge questioned the juror, and determined that the juror could be fair and impartial to defendant; nothing in the record indicates the contrary. See Patton v. Yount, 467 U.S. 1025, 1036 (1984); Irvin v. Dowd, 366 U.S. 717, 717 (1961); Hunley v. Godinez, 975 F.2d 316 (7th Cir.1992); Grancorvitz v. Granklin, 890 F.2d 34 (7th Cir.1989), cert. denied, 495 U.S. 959 (1990).
 
 
 5
 Petitioner argues that he should have received a continuance prior to trial. When defendant's third appointed counsel was appointed one week before trial, he requested and received a continuance of nearly six weeks. Four days before trial, he asked for another continuance because he had not "had enough time to devote what I feel is necessary in order to properly defend my client. I feel I need an additional amount of time." He had not requested it earlier because the prosecutor had been on vacation. The court denied the motion. Counsel argued that he needed time to interview the arson investigators. However, the interviews took place during the next few days. On the day of trial, July 29, counsel again asked for additional time, this time to retain an arson expert of his own. The court again denied the motion. The initial continuance counsel was given allowed more than enough time to interview the arson investigators and to hire an expert arson witness. After all, it was no surprise than the cause of the fire was the central issue in the case. Moreover, counsel had spoken with defendant about taking the case as early as March 25, 1981, and thus was familiar with the facts four months before trial. A motion for continuance is within the sound discretion of the trial court, and there was no clear abuse of discretion here. See United States ex rel. Searcy v. Greet, 768 F.2d 906, 913 (7th Cir.1985), cert. denied, 474 U.S. 996 (1985).
 
 Claims not Cognizable under Habeas Law
 
 6
 Several of the claims are not cognizable under habeas law.
 
 
 7
 Petitioner alleges a Fourth Amendment violation occurred when the police seized clothing from petitioner's car. A Fourth Amendment question is not cognizable under habeas when petitioner received a full and fair opportunity to litigate the issue in state court. Stone v. Powell, 428 U.S. 465, 494 (1976); Weber v. Murphy, slip op., No. 93-1191 (7th Cir. Feb. 2, 1994), 1994 U.S.App. Lexis 1681. Petitioner received this opportunity before the Illinois courts. See Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir.), cert. denied, 113 S.Ct. 168 (1992).
 
 
 8
 Petitioner next attacks the credibility of several of the witnesses. A habeas court cannot reevaluate the credibility of witnesses. Chandler v. Richards, 935 F.2d 915, 918 (7th Cir.1991).
 
 
 9
 Petitioner next claims his counsel for the post-conviction proceeding was ineffective. There is no constitutional right to counsel at a post-conviction hearing. Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991); Jenkins v. Gramley, 8 F.3d 505 (7th Cir.1993). Thus, there is no right to effective assistance of counsel.
 
 
 10
 Petitioner raises four sentencing issues. None of the arguments raise a constitutional issue. Moreover, we will not disturb a sentence where it has been imposed within the statutory limit, as it was in this case. United States v. Goot, 894 F.2d 231 (7th Cir.), cert. denied, 498 U.S. 811 (1990); Atehortua v. Kindt, 951 F.2d 126 (7th Cir.1991); Williams v. Duckworth, 738 F.2d 828 (7th Cir.1984), cert. denied, 469 U.S. 1229 (1985).
 
 
 11
 Claims Procedurally Barred by Failure to Show Prejudice
 
 
 12
 Seven of the claims involve procedural defaults, requiring petitioner to show cause and prejudice. Wainwright v. Sykes, 433 U.S. 72, 87 (1977).
 
 
 13
 Petitioner claims it was error to show the jury a photograph of the back seat of his car, which contained piles of his clothing. The photograph was relevant to the issue of whether petitioner was fleeing. Because it was properly admitted into evidence, petitioner has failed to show prejudice.
 
 
 14
 Petitioner argues that his trial counsel was ineffective because he did not seek to change venue based on pre-trial publicity. Strickland v. Washington, 466 U.S. 668 (1984). The newspaper articles to which defendant refers included three published over two years prior to trial, and four published between January and June before the July 1981 trial. This is not the type of extensive publicity that would require defense counsel to seek a change of venue. See Patton, 467 U.S. at 1032 (1967); Murphy v. Florida, 421 U.S. 794, 802-03 (1975); Grancorvitz, 890 F.2d 34; Washington v. Lane, 840 F.2d 443 (7th Cir.), cert. denied, 488 U.S. 861 (1988). Most of the news stories appeared well before trial and, even taken collectively, could not create the magnitude of community prejudice needed to overcome the jury's presumption of impartiality. Dobbert v. Florida, 432 U.S. 282, 303 (1977).
 
 
 15
 Petitioner argues that the prosecutor's remarks were prejudicial. We agree with the district court that statements like "I'm sure beyond a reasonable doubt"; "I think"; and "I believe he's guilty" were not such that they rendered the trial so fundamentally unfair as to deny due process of law. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). There was no objection, and thus the issue has been procedurally defaulted absent cause for the default and resulting prejudice. Wainwright, 433 U.S. at 87. If there was error, in view of the overwhelming evidence of petitioner's guilt, no prejudice was suffered.
 
 
 16
 Finally, petitioner points to testimony of four witnesses which he believes was unfair. Again, if there was error, we agree with the district court that in view of the overwhelming evidence of petitioner's guilt, no prejudice was suffered. One instance deserves comment. Griffiths contends that certain testimony violated an order in limine which precluded any evidence regarding the unprosecuted alleged sexual molestation by Griffiths of the 8-year-old daughter of Griffiths' ex-girlfriend. At trial, on redirect examination of the woman, who testified on cross-examination that defendant had beat her, the prosecutor asked:
 
 
 17
 Q. And what happened to you in that fight?
 
 
 18
 A. He beat me up severely and threw me around from one side of the trailer to the other and my daughter was in the house and he was after her.
 
 
 19
 Griffiths argues that the phrase "after her" constituted plain error because it implied that he either wanted to molest sexually the child, or wanted to beat her, and thus created an impression that "he meant to be abusive towards this little girl." Assuming arguendo that the two words ("after her") constitute evidence of prior bad acts or other crimes, their admission did not amount to a denial of due process.
 
 
 20
 Accordingly, for these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 See People v. Griffiths, 112 Ill.App.3d 322, 445 N.E.2d 521 (1983)