(No. 37322.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN FRENCHWOOD, Plaintiff in Error.

*Opinion filed May 27, 1963.*

HERBERT B. OLFSON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and JOSEPH V. RODDY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, John Frenchwood, was tried by the court without a jury in the criminal court of Cook County and found guilty of the crime of murder. He was sentenced to 40 years in the penitentiary. We have issued a writ of error to review the judgment of conviction.

No question is raised on the writ of error as to the sufficiency of the evidence to establish the defendant's guilt, and the errors assigned pertain solely to the admission of certain evidence. It is therefore, not necessary to relate the evidence in detail. The defendant, together with his brother, James Frenchwood, and one Robert Smith were jointly indicted for the murder of one Margaret DeFranko. The evidence showed that three armed men held up a grocery store operated by one Gust Fanos. While the robbery was in process, the deceased entered the store, noticed what was occurring, and turned to run out of the store. One of the armed robbers shot her in the back as she was attempting to leave. At the trial both Gust Fanos and one Theresa Atkinson, a clerk in the store, positively identified the defendant as one of the robbers and each of those witnesses testified that they had identified the defendant at a police line-up.

The defendant testified that he was in Texas at the time of the crime. The defendant's brother, James, testified that Fanos identified him at the police line-up but did not identify the defendant. A police officer who was called as a witness by the defendant testified that Fanos had identified the defendant at the line-up. In rebuttal, another police

officer testified that Fanos had identified the defendant at the line-up.

The defendant argues that this rebuttal testimony was hearsay and that its admission in evidence was prejudicial error. We note, however, that counsel for the defendant in the trial court did not object on that ground. When the officer was asked what he observed at the line-up he stated that Fanos identified the defendant. Counsel objected on the ground that this was a conclusion, but the court over-ruled the objection. This objection on the ground that the answer was a conclusion was insufficient to preserve for review the contention that the answer was hearsay. (*People v. Sinclair,* March Term, 1963; *People v. Washington,* 23 Ill.2d 546.) Moreover, since the same evidence was brought out by the testimony of the officer who testified for the defense, the alleged error could not be prejudicial.

The other error assigned also concerns certain rebuttal testimony. A police officer testified that he heard James Frenchwood say to the defendant, "I have told the truth. You might as well tell the truth." The defendant first contends that this testimony was irrelevant because there is no proof in the record as to the subject to which James referred when he told the defendant that he might as well tell the truth. It is argued that James might have been advising the defendant to tell the truth about matters other than the crime with which we are now concerned. In our opinion this argument is unrealistic. Both James Frenchwood and the defendant were in custody, charged with the murder of Mrs. DeFranko, and under the circumstances it seems clear that James was referring to that crime. The defendant also argues that, even if it is assumed that the conversation did relate to the present crime, it was inadmissible on the ground that it was hearsay. The State contends that the conversation was in the nature of an accusation which was not denied by the defendant and was therefore admissible as an admission by the defendant. We are unable to agree

with the State's argument. In the first place the conversation was not a direct accusation of the crime and was not of such a nature as to justify an implication of an admission by silence. Secondly, there is no evidence in the record tending to show whether the defendant remained silent. Evidence of this conversation was therefore improperly admitted. However, this case was tried before the court without a jury and it is presumed that the judge considered only competent evidence. Furthermore, the proof of defendant's guilt was clear and convincing. Opposed to the positive identification testimony there was only the evidence of the defendant and his sister in support of his alibi. Evidence of two prior felony convictions of the defendant was introduced in rebuttal to impeach the defendant. The credibility of the defendant's sister was a matter for the trial court to determine. We are of the opinion that the admission in evidence of James Frenchwood's conversation, although erroneous, was not of such a prejudicial nature as to require reversal of the judgment of conviction.

We are satisfied from a review of the evidence and after a consideration of the briefs of the defendant and the State that the defendant received a fair trial, free from prejudicial error. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*