THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TOMMY LEE SHERMAN, Defendant-Appellant.

Third District   No. 77-99

Opinion filed October 11, 1977.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Kankakee County by Tommy Lee Sherman, the defendant, who after trial by jury was found guilty of the offense of burglary and sentenced to a term of not less than 3 nor more than 15 years in the penitentiary.

The sole issue raised in this appeal is whether the trial court abused its discretion by imposing a greater sentence on the defendant than that imposed upon a co-defendant who was an accomplice with the defendant in the crime of burglary for which they were both convicted.

In determining this issue no useful purpose would be served in setting forth in detail the factual situation which resulted in the defendant's conviction and the conviction of his accomplice, Robert Williams, for the offense of burglary. It is clear from the record that they were equally

involved in the crime and there is no evidence that one more than the other instigated the crime. There is no great disparity between the two individuals as to their ages. The defendant at the time of the crime was 21 years old and the co-defendant was 20 years of age.

After reviewing the presentence reports of both the defendant and Williams the trial court made the observation that the codefendant Williams' record "in some respects is even worse than Mr. Sherman's." The trial court then sentenced Williams to a term of imprisonment of not less than 2 nor more than 10 years, a term which is substantially less than that imposed upon the defendant Sherman. A review of the record indicates that the trial court differentiated between the two defendants by stating "the one thing that I can say about Mr. Williams is that he admitted his guilt to the probation officer." This admission of guilt by Williams was made to the probation officer after he had been found guilty by a jury and while his presentencing report was being prepared. The trial court referred to Williams' admission of guilt as an "indication that perhaps he [Williams] is taking the first step towards rehabilitation."

In examining the record we find that the defendant's criminal activities began in 1970 when he was placed on juvenile probation for the offense of burglary. A petition for change of custody was filed in 1971 as the result of another alleged burglary. In 1972 he was convicted of the crime of burglary and sentenced to a term of not less than 2 nor more than 4 years to the Department of Corrections. The defendant was paroled in 1974 and while it is not clear from the record he may well have committed the burglary in the instant case while on parole. In addition the defendant had three convictions for ordinance or vehicle violations.

The co-defendant Williams' criminal record commenced in 1967 when as a juvenile he allegedly commited assault and battery. In 1969 he was involved in a burglary. In 1969 and 1970 he was involved in two battery offenses. In 1972 he was sent to the Youth Commission as the result of charges of burglary and armed violence. Lastly, he was found guilty of burglary in the instant case.

■■ We are well aware of the rule that a court of review should exercise the power to reduce sentences with great caution since the trial court is normally in a superior position to evaluate the circumstances and to impose the appropriate sentence. (See *People v. Petty* (1975), 33 Ill. App. 3d 183, 337 N.E.2d 249.) Though mindful of this rule, we entertain serious doubts that the co-defendant Williams' admission of guilt after being found guilty by jury trial demonstrated that he had a penchant for penitence. In reviewing his criminal record we note that even while a juvenile he has demonstrated a propensity for violence. Regardless of our opinion as to why the co-defendant Williams admitted his guilt, we are of the opinion that his sentence should not have been less than that received

by the defendant Sherman, for the law is abundantly clear that a defendant's punishment may not be increased because of his refusal to admit his guilt following a conviction. (See *Poteet v. Fauver* (3d Cir. 1975), 517 F.2d 393.) By the defendant in the instant case refusing to admit his guilt he received a more severe sentence than did his accomplice Williams even though the trial court made the observation that the latter individual's criminal record was in some respects worse than the defendant's. A defendant is not required to admit his guilt and failure to do so should not result in an enhanced sentence. The rewarding of a defendant's admission of guilt following trial can only serve to jeopardize that individual's right of appeal or prospects of post-conviction relief. See *Poteet v. Fauver* (3d Cir. 1975), 517 F.2d 393, and *Herbert v. Maryland* (1976), 31 Md. App. 48, 354 A. 2d 449.

■■ In the interest of more evenhanded justice the defendant's sentence is reduced to a term of imprisonment of not less than 2 nor more than 10 years. See Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)).

The defendant's judgment of conviction is affirmed, but the sentence imposed thereon is modified as specified.

Affirmed as modified.

STENGEL, P. J., and ALLOY, J., concur.