THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RIVERS LEE PORTER, Defendant-Appellant.

Fourth District   No. 16059

Opinion filed April 1, 1980.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Following a bench trial before the circuit court of Champaign County, defendant, Rivers Lee Porter, was convicted of one count of burglary and one count of theft under $150, and was sentenced to concurrent terms of imprisonment of 3 years and of 6 months, respectively. On appeal defendant argues only that his sentence was improper. He contends that the trial court erred in (1) considering what it

believed to be defendant's false testimony in imposing sentence, and (2) denying him probation because he failed to admit his guilt.

Both of defendant's contentions arise from the same statement of the trial court made at the sentencing hearing. At that hearing defendant made repeated claims that he was working toward a graduate equivalency high school diploma and that he had demonstrated he was a rehabilitated person. In response, the trial court stated:

> "Mr. Porter, I think it's commendable you have voluntarily set up a course of educating yourself. I think in the long run this is to be advantageous to you. However, Mr. Porter, the court felt the evidence was overwhelming that you did commit the burglary in this one van. Just now, on the stand, under oath, you indicated that you are not guilty of that offense. There, of course, is not remorse. No statement that it would not happen again."

We do not believe that this statement, when read in the context of the entire record, supports either of defendant's claims.

■■ Even if the record had shown that the trial court, in sentencing defendant, had considered that it believed him to have committed perjury (1) it is constitutionally permissible to do so (*United States v. Grayson* (1978), 438 U.S. 41, 57 L. Ed. 2d 582, 98 S. Ct. 2610), and (2) this court has recently recognized that the courts of this State may do so in view of *Grayson. People v. Oravis* (1980), 81 Ill. App. 3d 718, 402 N.E.2d 297.

■■ ■ We agree with defendant that it is improper to enhance a defendant's sentence just because he maintains his innocence at sentencing. (*People v. Sherman* (1977), 52 Ill. App. 3d 857, 368 N.E.2d 205.) However, we are satisfied that this did not occur here. In *Sherman*, the trial court explicitly stated it was giving one similarly situated co-defendant a longer sentence simply because he refused to admit his guilt at the sentencing hearing.

In *People v. Moffett* (1977), 55 Ill. App. 3d 939, 371 N.E.2d 364, the Appellate Court for the Third District explained that its decision in *Sherman* was due to its unusual facts. In *Moffett* the trial court at sentencing made a comment similar to the one here, stating "that for whatever reason the defendants still persist in their innocence." Nonetheless the court in *Moffett* concluded that upon reviewing the entire record it was evident that this did not influence sentencing because "[t]he implication of better treatment on sentencing found in *Sherman* [was] not present * * *." 55 Ill. App. 3d 939, 941, 371 N.E.2d 364, 367.

This court has recently recognized "as a factor in mitigation * * * defendant's * * * expressed remorsefulness." (*People v. Cox* (1979), 77 Ill. App. 3d 59, 70, 396 N.E.2d 59, 68, *appeal allowed* (1980), 79 Ill. 2d 627.) In claiming he was rehabilitated, defendant here was asking the

court to consider this mitigating factor, and the record shows that the court did no more than address the factor of remorsefulness as it bore upon defendant's rehabilitation.

▮ In the case at bar the trial court explicitly stated that probation was denied because of (1) defendant's prior criminal history, (2) the need to protect society, (3) the need not to deprecate the seriousness of defendant's conduct, and (4) the fact that the criminal conduct was not due to circumstances unlikely to reoccur. This is more than sufficient to demonstrate the appropriateness of denying probation. Defendant has thus failed to affirmatively show that the minimum sentence imposed by the trial court was improper and the presumption in its favor (*Cox*) remains.

The judgment is affirmed.

Affirmed.

MILLS, P. J., and CRAVEN, J., concur.