THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. CHARLES E. COLEMAN, Defendant-Appellant.

Second District   No. 79-211

Opinion filed April 25, 1980.

430

Mary Robinson, of State Appellate Defender's Office, of Elgin, and Ralph Ruebner and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Charles Coleman, was charged by information with the rape (Ill. Rev. Stat. 1977, ch. 38, par. 11—1) and unlawful restraint (Ill. Rev. Stat. 1977, ch. 38, par. 10—3) of an 18-year-old Rockford girl. After trial by jury he was convicted of both offenses and sentenced to concurrent prison terms of nine years and one year, respectively. Defendant appeals both convictions and raises three issues for this court to consider: whether the trial court erroneously allowed hearsay testimony relating to the alleged rape; whether the court considered improper factors in aggravation of defendant's sentence; and, whether the conviction and sentence imposed for unlawful restraint, as a lesser-included offense of rape, must be vacated.

Complainant testified at trial that at about 11 p.m. on July 11, 1978, she was driving near Avon and State streets in Rockford and stopped to talk with two friends who joined her in the car. After 10 to 15 minutes defendant approached the car and the complainant recognized him as he had been recently identified to her as the brother of a friend of hers. Defendant joined into the conversation, entering the car as the two other persons stepped out to leave. Defendant and complainant briefly discussed his brother, whom defendant said was in trouble, and he then asked her to give him a ride to his home two blocks away, saying he had left his gas oven on, then to return so he could locate the brother. Complainant agreed and when they arrived at defendant's home she

parked the car in the adjacent alley and defendant invited her to come in, stating he was concerned for her safety if she waited for him in the dark alley.

On entering his apartment, defendant went to another room while complainant remained in the living room and she heard what she thought was a click from an oven being turned off. Defendant soon reentered the room where the complainant waited, pointed a rifle at her and instructed her to disrobe; when she refused to do so, she stated, she heard the rifle being cocked. He then told her to go into another room, where he again instructed her to disrobe and began to unfasten her blouse and lower garments; she then removed her clothes, and defendant forced her to the floor and had intercourse with her. When the girl then asked to be permitted to leave defendant refused, but he subsequently fell asleep, however, and she dressed and ran from the apartment leaving her car keys behind. Complainant ran to the nearby home of her cousin, Sheila Triplett, and told her of the incident. The police were called, as was complainant's mother, and when the officers arrived complainant told them what had happened to her and directed them to defendant's apartment where he was arrested.

Sheila Triplett and Officer Johnson testified at trial and related details of the incident as told to them by complainant. Officer Martinez testified that he found defendant lying naked on his apartment floor and that he recovered an unloaded rifle about four feet from defendant and uncocked it. Martinez also found car keys on a key chain bearing complainant's first name in defendant's apartment; he testified he detected an odor of alcohol on defendant.

Defendant testified in his own behalf stating that complainant and he had discussed his marital problems; that after she dropped him off at his home he did not invite her in but, rather, after he had entered the apartment alone, she knocked on his door and said she wanted conversation. Defendant further testified that the two engaged in sexual relations at complainant's suggestion and with her consent.

Defendant first assigns error to the admission of testimony by Sheila Triplett and Officer Johnson in which they related the details of the rape as told to them by complainant. He contends this testimony was inadmissible hearsay which fell under neither the corroborative statement nor spontaneous declaration exceptions to the hearsay rule and requires reversal of his convictions.

■■ ■ We note, however, that this issue has not been preserved for review. Defendant's objection to the cousin's testimony on the sole ground that it was self-serving was insufficient to preserve the hearsay question (*People v. Frenchwood* (1963), 28 Ill. 2d 139, 190 N.E.2d 767), and no objection at all was made in the trial court with regard to the admissibility

of Officer Johnson's testimony. Nor was this issue included in defendant's written motion for a new trial. It is well established that absent such objection issues relating to the admissibility of hearsay testimony will not be considered as grounds for reversal on appeal except where the plain error rule is applicable. Ill. Rev. Stat. 1977, ch. 110A, par. 615(a); *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Griffith* (1978), 56 Ill. App. 3d 747, 752, 372 N.E.2d 404, 408.

■ We have considered this issue to the extent necessary to determine whether the "plain error" exception to the waiver rule should apply and conclude that it does not. In *People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25, our supreme court defined the spontaneous declaration exception to the hearsay rule in terms of "a statement or exclamation made immediately after some exciting occasion by a participant or spectator and asserting the circumstances of that occasion as it is observed by him" (28 Ill. 2d 464, 471, 193 N.E.2d 25, 29). The court also described the corroborative statement exception as one designed particularly for rape cases. A rape complaint when made at a time too remote to qualify as a spontaneous declaration may nonetheless be admissible in evidence to negate the presumption arising from the temporary silence of the complaint that no rape occurred. Under this exception, however, only the fact of the complaint that rape had occurred, and no details of the crime, is admissible. 28 Ill. 2d 464, 472-73, 193 N.E.2d 25, 30.

■ Applying these principles to the facts of this case, it is apparent the testimony of complainant's cousin was admissible under the spontaneous declaration exception. The victim's first opportunity to escape came when defendant fell asleep. She then left his apartment and ran immediately to her cousin's nearby home; the cousin testified that complainant appeared scared and nervous when she arrived at the house. We believe all the factors necessary to bring complainant's statements to her cousin within the spontaneous declaration exception to the hearsay rule were established and find there was no error in the admission of Sheila Triplett's testimony including its detailed recitation of the occurrence.

■ A different question is presented, however, by Officer Johnson's testimony which also essentially repeated the victim's detailed descriptions of the offense. The record does not establish the lapse of time prior to the arrival of the police in response to a telephone call by Ms. Triplett's mother but enough time had elapsed in the interim for complainant to discuss the rape with her cousin. We conclude her statement to Officer Johnson was not a spontaneous declaration (*People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164), and was erroneously admitted in evidence.

Officer Johnson's testimony also fails to qualify under the corroborative statement exception for he repeated in great detail the

circumstances of the rape as told to him by complainant. Indeed, his testimony substantially duplicated that of complainant in trial.

■■ Before an error can be considered as an exception to the waiver rule, however, it must have affected substantial rights of defendant. (*People v. Coles* (1979), 74 Ill. 2d 393, 397, 385 N.E.2d 694, 696.) The error now complained of did not do so. The officer's testimony was cumulative to that given by the victim and her cousin, both of whom were subject to cross-examination by defendant. As complainant, the out-of-court declarant, did testify and was cross-examined in trial, we conclude the erroneous admission of the hearsay portion of Officer Johnson's testimony did not affect any substantial rights of the defendant.

■■ Defendant next contends the trial court considered improper factors in imposing sentence, asserting that the length of the sentence was due in part to the trial court's belief that a loaded shotgun was used in the commission of the rape. In his remarks preliminary to sentencing defendant the trial judge did note that the evidence showed the shotgun was loaded when, in fact, Officer Martinez testified it was not loaded when he found it in defendant's apartment. We do not agree, however, that this perception of the evidence by the trial court warrants a new sentencing hearing. It is apparent that the court's consideration was directed to defendant's use of a shotgun to compel complainant's submission which is a factor properly considered in sentencing. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(a)(1).

■■ ■ The trial court also noted at the sentencing hearing "[t]he defendant has assumed an attitude of innocence, and has not indicated any real remorse or sorrow for the crime he has committed." Certainly, a sentence may not be increased because the accused refuses to admit his guilt following a conviction (*People v. Sherman* (1977), 52 Ill. App. 3d 857, 368 N.E.2d 205), but we do not agree with defendant that this statement suggests his nine-year sentence was in part a penalty for maintaining his innocence. (*People v. Sivels* (1975), 60 Ill. 2d 102, 324 N.E.2d 422; *People v. Moffett* (1977), 55 Ill. App. 3d 939, 371 N.E.2d 364.) A review of the record supports defendant's conviction of rape beyond a reasonable doubt, and establishes that he used a shotgun in carrying out the offense and that he was on probation at the time for an earlier sex offense. The nine-year sentence was justified and well within the statutorily permissible range of 6 to 30 years (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(3)).

■■ Defendant's final contention is that his conviction and sentence for unlawful restraint must be vacated since that offense is a lesser included offense of rape. We agree. This issue was considered in *People v. McCann* (1979), 76 Ill. App. 3d 184, 394 N.E.2d 1055, where we determined that all elements of unlawful restraint are necessarily present in rape. Where

more than one offense arises from a series of incidental or closely related acts a conviction and concurrent sentence cannot be entered for a lesser included offense. See *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

For these reasons the conviction and sentence imposed for rape is affirmed and that imposed for unlawful restraint is vacated.

Affirmed in part and vacated in part.

SEIDENFELD, P. J., and LINDBERG, J., concur.