THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALVIN MOSLEY, Defendant-Appellant.

First District (2nd Division)    No. 78-1366

Opinion filed August 19, 1980.

Ralph Ruebner and Nancy Abrahams, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Thomas J. Leanse, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Having been sentenced to serve 4 to 12 years in the penitentiary after conviction by a jury of burglary, defendant Alvin Mosley seeks remand of this cause for resentencing based upon errors he identifies as having taken place at the sentencing hearing. The issues presented for review are whether the State's mention of defendant's pending armed robbery charge during the sentencing hearing was error and whether the trial court abused its discretion at the time of sentencing by noting that it would take into account defendant's persistence in his version of events, which the jury did not believe.

Since the evidence is not challenged with respect to its manifest weight insofar as guilt is concerned, we need not be unduly detained by an extensive recounting thereof. The State's evidence revealed that the victim,

her three children, brother, sister, cousin and nephew were living in a first-floor apartment on South Parnell Avenue in Chicago. On August 11, 1975, at about 4 a.m. she was awakened by the sound of her brother's voice in her bedroom and saw him standing near the front of her bed pointing a knife at defendant, squatting in a corner. Defendant was unknown to her and had not been given permission to enter the apartment. The police were called. The victim observed that outside and underneath an open dining room window were stacked wire milk crates. When the police arrived they searched defendant and found the victim's wallet, which she had left on her dining room table the previous night, in his pants pocket. The victim's brother testified that when he arose to prepare to go to work he saw defendant leaving the victim's room carrying a television set. When defendant saw him, he went back into the victim's room, at which point the brother secured a knife, returned to the bedroom and held defendant for police.

Defendant testified in his own behalf that on the night in question he had been at his sister's home until 3 a.m., later leaving and walking past an apartment building when an acquaintance of his suddenly emerged from the back of this building running toward him. The acquaintance handed him a wallet, and kept running. Defendant, thinking it was his friend's wallet, put it in his pocket. Thereafter defendant saw the victim's brother emerge from the building. He pulled a knife from his pocket and forced defendant into the victim's apartment. He denied having climbed through the dining room window, claiming he had advised police of these facts but that they would not listen.

On rebuttal, a police officer testified for the State that defendant had told him during his post-arrest interview that he had entered the victim's apartment by mistake, thinking it was his girlfriend's residence, and that defendant refused to tell him how the wallet got into his pocket.

Defendant was convicted of burglary under section 19—1 of the Criminal Code of 1961 by the jury. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1.) During the presentation of matters in aggravation and mitigation, the State advised the court that in 1974 defendant had been sentenced to two concurrent terms of 6 months in prison for aggravated assault and for burglary and that an armed robbery charge was also pending against him. The defense made no objection to these representations. When asked if he wished to speak, defendant said he felt he had not been afforded a fair trial, but gave no reasons for that assertion. The trial judge then stated, among other things:

> "This Court—Also, before pronouncing sentence, in reviewing the presentence investigation, feels that Mr. Mosely [*sic*] shows no remorse whatsoever. The fact that he still persists in the story which

the jury did not believe, and feels that that has to enter into the Court's sentence, that the Court is now going to pronounce."

The court thereafter entered sentence upon defendant of from 4 to 12 years, from which this appeal is taken.

■■ Defendant predicates error upon the State's attorney's mention of a pending charge of armed robbery, relying upon *People v. Poll* (1979), 74 Ill. App. 3d 534, 393 N.E.2d 732, and *People v. Williamson* (1979), 69 Ill. App. 3d 1037, 388 N.E.2d 240. In *Poll* the appellate court affirmed that defendant's conviction of attempted burglary and armed violence, but remanded the cause for a new sentencing hearing based upon its finding that evidence of pending charges against defendant was improperly admitted at the original hearing. The supreme court recently reversed that decision (*People v. Poll* (1980), 81 Ill. 2d 286, 408 N.E.2d 212), however, on the ground that there was no evidence of reliance by the trial court upon the evidence introduced concerning the pending criminal charges (81 Ill. 2d 286, 289-90). Likewise, in the case before us, the transcript of the sentencing hearing reveals no indication that a pending charge against defendant was accorded any weight or had any bearing upon the sentence imposed on him. The absence of any such consideration of pending charges by the trial court in the instant case is also the point of distinction between this case and *People v. Williamson.* In *Williamson* the trial court specifically stated it was giving considerable weight to statements made by an accomplice, implicating the defendant in other offenses. It must be presumed that incompetent evidence will be disregarded unless the record discloses evidence to the contrary. (*People v. Kirkwood* (1980), 82 Ill. App. 3d 252, 263, 402 N.E.2d 677.) We find no basis for reversal under these circumstances.

■■ With respect to the error assigned by defendant to the trial court's condemnation of defendant's persistence in his version of the evidence notwithstanding the jury's finding to the contrary, we are unable to concur in his conclusion. The sentence imposed upon him was within the statutory limits then in effect for a Class 2 felony (Ill. Rev. Stat. 1973, ch. 38, pars. 19—1, 1005—8—1(b)(3)), which provided that "* * * for a Class 2 felony, the maximum term shall be any term in excess of one year not exceeding 20 years." The supreme and appellate courts of this State have consistently rejected similar arguments. In *People v. Sivels* (1975), 60 Ill. 2d 102, 324 N.E.2d 422, defendant's sentence following the trial court's statement that he probably would have granted probation and work release had defendant pleaded guilty was affirmed by the supreme court where the sentences were within the limits of the sentencing statute. The appellate court in *People v. Bigsby* (1977), 52 Ill. App. 3d 277, 367 N.E.2d 358, affirmed the sentences imposed notwithstanding the statement by the trial court that defendant failed to show remorse for the crime and held that a

lack of penitent spirit may be taken into account by a trial judge among other considerations. See also *People v. Morgan* (1974), 59 Ill. 2d 276, 282, 319 N.E.2d 764, and *People v. Gomez* (1963), 29 Ill. 2d 432, 435, 194 N.E.2d 299.

The facts in *People v. Sherman* (1977), 52 Ill. App. 3d 857, 368 N.E.2d 205, upon which defendant relies, are dissimilar to the circumstances here. There the trial court imposed an "enhanced" sentence upon a defendant who refused to admit his guilt as compared with the sentence given his co-defendant who did. The *Sherman* court relied upon *Poteet v. Fauver* (3d Cir. 1975), 517 F.2d 393, in which the trial court had repeatedly urged that defendant to admit his guilt in return for a lighter sentence. No similar evidence of additional punishment for failing to confess is evidence in the case at bar. Reference to pretrial discussions of a lesser sentence does not impel a contrary conclusion. *People v. Busch* (1973), 15 Ill. App. 3d 905, 907, 305 N.E.2d 372; *People v. Jackson* (1973), 9 Ill. App. 3d 1020, 293 N.E.2d 655 (abstract).

The foregoing reasons require affirmance of the sentence imposed by the trial court.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.