THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVEN R. SPEED, Defendant-Appellant.

Second District  No. 84—0566

Opinion filed December 10, 1984.

Robert T. Hanson, of Mt. Morris, and G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

This is the second time this case comes before us. Defendant Steven R. Speed was charged by information in Ogle County with in-

decent liberties and rape. (Ill. Rev. Stat. 1981, ch. 38, pars. 11—4(a)(3), 11—1(a).) Following a bench trial, he was found guilty of rape and sentenced to a 12-year term of imprisonment in the Department of Corrections. In a Rule 23 order issued by this court upon defendant's first appeal, defendant's conviction for rape was affirmed, but his sentence was reversed and remanded due to the trial court's improper consideration of a factor in aggravation; namely, that the victim suffered serious physical or mental harm as a result of the crime. (87 Ill. 2d R. 23.) Upon remand, defendant's sentence was reduced to 11 years' imprisonment. He appeals from this sentence, claiming that the trial court improperly imposed a more severe sentence solely because defendant continued to deny his guilt of rape following his conviction.

It is well established that a more severe sentence may not be imposed merely because a defendant claims he is innocent at the time of sentencing. (*People v. Griffiths* (1983), 112 Ill. App. 3d 322, 331, 445 N.E.2d 521; *People v. Coleman* (1980), 83 Ill. App. 3d 429, 434, 403 N.E.2d 1266.) This was designed to protect an individual's right of appeal or prospects of post-conviction relief which might otherwise be jeopardized by the rewarding of a defendant's admission of guilt following trial. (*People v. Sherman* (1977), 52 Ill. App. 3d 857, 859, 368 N.E.2d 205.) Thus, in *Sherman,* the defendant's sentence following his conviction for burglary was reduced when the sentencing court expressly imposed a more severe sentence upon defendant than his codefendant solely because the latter admitted his guilt to the probation officer and defendant did not. However, it is also well established that the court may consider the lack of a penitent spirit in determining the appropriate sentence to be imposed upon a defendant, since this is a factor which may have a bearing on the defendant's potential for rehabilitation. (*People v. Mosley* (1980), 87 Ill. App. 3d 903, 905-06, 409 N.E.2d 381; *People v. Moffett* (1977), 55 Ill. App. 3d 939, 942, 371 N.E.2d 364.) A sentencing judge may also consider a defendant's lack of veracity on the witness stand since this, too, may have a bearing on defendant's rehabilitative potential. (See *People v. Wyatt* (1980), 90 Ill. App. 3d 390, 393-94, 413 N.E.2d 82; *People v. Genovese* (1978), 65 Ill. App. 3d 819, 823, 382 N.E.2d 872.) Thus, numerous sentences have been affirmed on appeal despite a reference by the sentencing court to a defendant's persistent claim of innocence. (See *People v. Costello* (1981), 95 Ill. App. 3d 680, 688-89, 420 N.E.2d 592; *People v. Mosley* (1980), 87 Ill. App. 3d 903, 905-06, 409 N.E.2d 381; *People v. Porter* (1980), 83 Ill. App. 3d 720, 721-22, 404 N.E.2d 337; *People v. Coleman* (1980), 83 Ill. App. 3d 429, 434, 403 N.E.2d 1266;

*People v. Moffett* (1977), 55 Ill. App. 3d 939, 941, 371 N.E.2d 364.) In determining whether sentencing was improperly influenced by the defendant's failure to admit his guilt following conviction, the courts have focused upon whether the sentencing court indicated, either expressly or impliedly, that there would be better treatment on sentencing if the defendant abandoned his claim of innocence. (See *People v. Costello* (1981), 95 Ill. App. 3d 680, 688, 420 N.E.2d 592; *People v. Porter* (1980), 83 Ill. App. 3d 720, 721, 404 N.E.2d 337; *People v. Moffett* (1977), 55 Ill. App. 3d 939, 941, 371 N.E.2d .364.) If there is such an indication, then the sentence likely was improperly influenced by the defendant's persistence in his innocence. (See *People v. Sherman* (1977), 52 Ill. App. 3d 857, 859, 368 N.E.2d 205; *Poteet v. Fauver* (3d Cir. 1975), 517 F.2d 393.) If, however, "the record shows that the court did no more than address the factor of remorsefulness as it bore upon defendant's rehabilitation," then the court's reference to a defendant's persistent claim of innocence will not amount to reversible error. See *People v. Costello* (1981), 95 Ill. App. 3d 680, 688, 420 N.E.2d 592.

Upon remand in the instant case, defendant took the stand and informed the court that since his imprisonment he had completed 49 hours of college level courses, had held a full-time job entering data into a computer, and had participated in Bible study and Alcoholics Anonymous programs. Mr. Speed also expressed his remorse for what had happened, stating that he was "sorry for what I did." On cross-examination, defendant again stated that he was sorry for the "pain and suffering" he had caused. However, he stated that while he was guilty of some crime, such as indecent liberties or attempted rape, he was "not guilty of the crime I was convicted." Nevertheless, he agreed he should be punished for having committed a crime.

At the close of the resentencing hearing, the court commented that there were "factors that have been persistent throughout this case in the relation of the probation officer from its inception and the defense of the case during the trial and even today, the defendant asserts that he did not commit the crime of which he stands convicted." After noting that both the trial and the appellate courts were convinced that defendant committed the crime beyond a reasonable doubt, the court stated that "Mr. Speed has not yet accepted that. *** Fact that he has not yet accepted that weighs heavily on the decision that we are about to make in these matters." The court then discussed its prior skepticism of defendant's testimony at the original sentencing hearing to the effect that defendant desired to rehabilitate himself and to avoid further criminal involvement. The court noted

that such remarks "can be manipulative." The court further stated that it "[did not] know whether Mr. Speed is manipulating me again today ***," and concluded with the following remarks, which defendant has specifically challenged in this appeal:

> "When I reread the record, when I reread the probation officer's report and considered this matter and the Appellate Court mandate I thought the appropriate sentence was to resentence the defendant to twelve years. After a portion of the testimony I thought perhaps a ten year sentence might be appropriate. When Mr. Speed said he didn't commit the crime which he stands charged and convicted again tilted the scale the other way."

An 11-year term of imprisonment was subsequently imposed.

■ After reviewing the comments made by the court here, as well as the authorities cited above, we conclude that defendant's sentence was improperly influenced by his persistent denial of guilt as to the crime of rape. We do not believe that the court was merely addressing the factors of remorsefulness or veracity as they bore upon defendant's rehabilitation. (*Cf. People v. Costello* (1981), 95 Ill. App. 3d 680, 688, 420 N.E.2d 592; *People v. Genovese* (1978), 65 Ill. App. 3d 819, 823, 382 N.E.2d 872.) Rather, we consider the remarks to be a clear indication that the court was improperly increasing defendant's term of imprisonment from 10 years to 11 years solely because defendant refused to acquiesce in the decisions of the circuit and appellate courts. We note that the lower court did not specifically find that defendant lacked veracity or remorse for his conduct. (*Cf. People v. Mosley* (1980), 87 Ill. App. 3d 903, 904-05, 409 N.E.2d 381; *People v. Moffett* (1977), 55 Ill. App. 3d 939, 942, 371 N.E.2d 364; *People v. Genovese* (1978), 65 Ill. App. 3d 819, 823, 382 N.E.2d 872.) Defendant's testimony at the resentencing hearing in fact indicated that he was sorry for what he had done and that he felt that he should be punished for having committed a crime, albeit a different crime than rape. With respect to the factor of veracity, we note that the testimony of defendant at trial was consistent with that of the victim in all respects save one, *i.e.,* penetration of the victim's sex organ. Although we previously found the victim's testimony in this regard to be clear and convincing (87 Ill. 2d R. 23), defendant could still reasonably believe that no penetration occurred, given the extent of his alcohol consumption prior to the offense in question. Finally, we think the court's comments made it clear that it was defendant's unwillingness to accept the findings of guilt which weighed heavily against him, rather than any particular lack of veracity on his part.

Under all of these circumstances, we exercise the authority vested in us pursuant to Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)), and reduce defendant's sentence to a 10-year term of imprisonment in the Department of Corrections. See *People v. Sherman* (1977), 52 Ill. App. 3d 857, 859, 368 N.E.2d 205.

Modified.

NASH, P.J., and SCHNAKE, J., concur.