THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD COLEMAN, Defendant-Appellant.

Third District   No. 3—84—0353

Opinion filed July 22, 1985.—Rehearing denied August 21, 1985.

STOUDER, J., dissenting.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and

Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Richard Coleman, was convicted of murder and sentenced to a term of imprisonment of natural life. The victim was Ima Jean Smith, the woman with whom the defendant had been living. The sole issue raised on appeal is whether the trial court abused its discretion in considering the defendant's failure to exhibit remorse for his conduct when sentencing the defendant. We hold that the trial court did not err, and we affirm.

On July 23, 1981, Coleman was charged with the offense of murder. Following a jury trial, he was convicted of that offense and sentenced to a term of natural life imprisonment. Coleman appealed, and this court reversed his conviction, remanding the cause for a new trial. *People v. Coleman* (1983), 116 Ill. App. 3d 28, 451 N.E.2d 973.

On March 26, 1984, Coleman was again tried for the offense of murder. He was found guilty of that charge and sentenced to a term of natural life imprisonment without parole. Coleman then filed the instant appeal.

The defendant argues that his sentence should be vacated and the cause remanded for resentencing because the trial court erred in considering the defendant's lack of remorse for his actions. The defendant specifically requests that we follow our decision in *People v. Sherman* (1977), 52 Ill. App. 3d 857, 368 N.E.2d 205, where we held that a defendant's punishment may not be increased because he refuses to admit guilt following conviction.

We note initially that sentencing is a matter of judicial discretion and, absent an abuse of that discretion, a trial court's sentencing decision will not be disturbed on appeal. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) A trial court's decision as to the proper sentence must be based upon the particular circumstances of each case and depends upon many factors. Such factors include the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

In the case at bar, the trial court considered all statutory factors in aggravation and mitigation. The court reviewed the defendant's extensive criminal record. The court also considered the defendant's history of alcohol and drug abuse.

In sentencing the defendant to a term of natural life imprisonment, the trial court based its decision on several factors. First, no

statutory factors in mitigation were found to exist. The court found the following factors in aggravation to be applicable: the defendant's criminal history and the exceptionally brutal nature of the murder. The victim died of suffocation caused by a rag "being lodged with force into the throat." The victim was also severely beaten, which resulted in numerous broken ribs. Such conduct by the defendant was viewed by the court as exceptionally brutal or heinous behavior indicative of wanton cruelty. The trial court concluded that the defendant's acts fell within the statutory guidelines for the imposition of a natural life sentence based on these factors. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(1)(b).

It is well established that a defendant's penitent attitude or his lack of remorse may be considered by a court in imposing sentence. (*People v. La Pointe* (1982), 88 Ill. 2d 482, 431 N.E.2d 344.) It is also permissible to infer a defendant's lack of sorrow or remorse from statements made to the trial court or contained in presentence reports. *People v. Moffett* (1977), 55 Ill. App. 3d 939, 371 N.E.2d 364.

Consideration of the defendant's attitude at the time of sentencing does not mean, however, that a more severe sentence may be imposed on defendants who assert their innocence. (*People v. Griffiths* (1983), 112 Ill. App. 3d 322, 445 N.E.2d 521.) As we stated in *People v. Sherman* (1977), 52 Ill. App. 3d 857, 368 N.E.2d 205, rewarding a defendant for a post-trial admission of guilt would violate the defendant's right of appeal.

■ The defendant's attitude as it reflects his rehabilitative potential is the standard by which courts of review determine whether sentencing was improperly influenced by a failure to admit guilt following conviction. (*People v. Speed* (1984), 129 Ill. App. 3d 348, 472 N.E.2d 572.) If the sentencing court indicated in some manner that an admission of guilt would reduce the defendant's sentence, then the sentence was improperly influenced by the defendant's claim of innocence. (See *People v. Sherman* (1977), 52 Ill. App. 3d 857, 368 N.E.2d 205.) If a court, however, simply considers the defendant's degree of remorse in relation to his potential for rehabilitation, then it may properly refer to the defendant's denial of guilt. *People v. Costello* (1981), 95 Ill. App. 3d 680, 420 N.E.2d 592.

In the case at bar, the trial court filed a supplemental memorandum subsequent to the defendant's sentencing. The court stated additional criteria which had been considered along with the other factors before the defendant was sentenced. The court specifically addressed the defendant's rehabilitative potential and then concluded with reference to the defendant's lack of remorse:

"*** while the defendant chose to make no sworn or unsworn statement in Court prior to sentencing he did deny any knowledge of this crime in his statement contained in the presentence investigation report. Considering this and all the testimony heard in the case, it is apparent that Mr. Coleman feels no remorse for his activities which led to the death of Ima Jean Smith."

▉ We find, therefore, that the instant court did not seek an admission of guilt with the implied promise of a reduced sentence if the defendant admitted his guilt. The court simply considered the defendant's lack of remorse in conjunction with his potential for rehabilitation. The court did not in any way imply or suggest that the sentence would be more severe if such an admission of guilt was not made. We conclude that the trial court did not err in considering the defendant's lack of remorse for his actions.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

SCOTT, J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully disagree with the majority of the court. I believe the conviction should be affirmed but the case should be remanded for reconsideration of the sentence.

The subject of remorse which a defendant may or may not exhibit as being a part of the circumstances considered by a trial judge in determining a sentence has been recently discussed at some length in another case recently decided by this court, namely *People v. Leckrone* (1985), 134 Ill. App. 3d 978. The two justices who formed and joined in the majority opinion in *Leckrone* are not members of the panel in this case, and, as our random assignment system was worked out, I am the only member participating in each case.

I wish to adopt by reference the reasoning and conclusions in the majority and minority opinions in the *Leckrone* case and see no special reason for reiterating them here.

Only two points need be made here. First, it is a judicial rationalization without any reasonable distinction to suggest that lack of remorse may be appropriately considered as adversely affecting rehabilitative potential but at the same time saying that it does not enhance or increase the sentence imposed. One could just as easily say the sen-

tence imposed was imposed because his rehabilitative potential was reduced by his lack of remorse. This would always be the case, since it can always be said that the sentence imposed regardless of the length is always for rehabilitative purposes. Second, even though a trial court has broad discretion in determination of a sentence, it seems to me the consideration of improper factors determining the sentence does not require the explicit or mechanical assertion by the judge that a sentence would have been less had he shown remorse or it was more because he failed to show remorse before error becomes reversible. If the improper sentencing factor had a substantial effect, as the evidence appears it does in this case, then I believe actual prejudice has been demonstrated. To hold otherwise would be to characterize the judge's comments as idle thoughts of no significance and made for no other purpose than to extend the record.

In a case as serious as this one, it is perhaps an exercise in futility to suggest that perhaps the trial court based its decision on some improper criteria and expect that a remandment will have any practical effect. Nevertheless, if we continue to approve improper considerations under the broad principle of judicial discretion, are we not either abandoning the rule or abandoning the notion of appellate review?